Joshua Jordan, admitted Pro Se
6650 Rivers Ave, STE 100
Charleston, SC, 29406
Tel: 843.790.3989
joshlegalstuff@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE (WILMINGTON)

| | |
|---|---|
| In re:<br><br>Prehired, LLC, et al,<br><br>Debtors<br><br>JOSHUA JORDAN,<br>Appellant,<br><br>v.<br><br>STATE OF WASHINGTON,<br>Appellee. | Chapter 7<br><br>BK Case No.: 1:22-bk-11007<br><br>District Case No.: 1:24-cv-01181<br><br>Re: D.I. 222, 228, 230<br><br>**DESIGNATION OF ITEMS AND STATEMENT OF ISSUES** |

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED**

Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellant Joshua Jordan hereby designates the following items to be included in the record on appeal:

**DESIGNATED ITEMS:**

1. Employment Agreement between Prehired LLC and Joshua Jordan dated January 1, 2018 [attached as Exhibit 6 to Motion to Enforce, D.I. 222]

2. Assignment Agreement between Prehired LLC and Joshua Jordan dated June 25, 2022 [attached as Exhibit 5 to Motion to Enforce, D.I. 222]

3. Stipulated Final Judgment and Order [Bankruptcy Docket No. 211-2; filed 11/17/2023], including but not limited to:

    a. Settlement Order

    b. Release provisions

    c. Definition sections

    d. All exhibits and attachments

4. Final Judgment from State of Washington v. Prehired LLC et al., No. 22-2-08651-3 SEA (King Cnty. Super. Ct.) dated April 12, 2024 [attached as Exhibit 3 to Motion to Enforce, D.I. 222]

5. Motion to Enforce the Final Judgment and Order [Bankruptcy Docket No. 222; filed 6/20/2024]

6. State of Washington's Opposition to Motion to Enforce [Bankruptcy Docket No. 228; filed 8/15/2024]

7. Reply in Support of Motion to Enforce the Final Judgment and Order [Bankruptcy Docket No. 229; filed 9/1/2024]

8. Transcript of Hearing Held September 17, 2024 RE: Pro Se Motion to Enforce Final Judgment [Bankruptcy Docket No. 238; filed 10/25/2024, corrected by Docket No. 239 on 10/28/2024]

9. Order Denying Motion to Enforce [Bankruptcy Docket No. 230; filed 10/11/2024]

10. Notice of Appeal [District Court Docket No. 1; filed 10/22/2024]

## STATEMENT OF ISSUES TO BE PRESENTED:

Appellant's appeal is limited to the Bankruptcy Court's interpretation of the Settlement Order through a motion to enforce, and does not seek relief requiring an adversary proceeding.

**Preliminary Note on Legal Definition:**

The terms at issue have well-established legal meanings. Black's Law Dictionary explicitly links these terms, defining "assign" by direct reference to "assignee" ("assign, n. See assignee"). Black's Law Dictionary (12th ed. 2024). "Assignee" is then defined as "Someone to whom property rights or powers are transferred by another." Id. at 155.

Notably, these authoritative definitions:

1. Treat the terms as directly related and interchangeable

2. Focus solely on the transfer of rights or powers

3. Contain no requirement for the transfer of liabilities

The Bankruptcy Court's addition of a liability transfer requirement contradicts these established legal definitions.

**The following issues are presented:**

1. Whether the Bankruptcy Court erred in interpreting the term "assigns" in the Settlement Order to require transfer of liabilities when:
   a. The established legal definition in Black's Law Dictionary defines "assignee" simply as "Someone to whom property rights or powers are transferred by another," with no requirement for transfer of liabilities;
   b. The plain meaning of "assigns" includes assignees of claims;
   c. No legal precedent requires transfer of liabilities for assignee status;
   d. Multiple assignments exist with varying terms;
   e. The State, as drafter, chose not to limit the definition of "assigns".

2. Whether the Bankruptcy Court erred in failing to apply contra proferentem to construe ambiguities in the Settlement Order against the State as drafter.

3. Whether the Bankruptcy Court erred in failing to consider how its Order voiding all ISAs ab initio affects the basis for liability against Appellant.

4. Whether the Bankruptcy Court erred in failing to give proper consideration to the doctrine of judicial estoppel given the State's inconsistent positions regarding Appellant's liability.

5. Whether the Bankruptcy Court erred in its interpretation of the relationship between corporate and individual liability under the Settlement Order's release provisions.

Respectfully submitted on October 28, 2024.

By: /s/ Joshua Jordan
Joshua Jordan, admitted pro se
6650 Rivers Ave, STE 100
Charleston, SC, 29406
Tel: 843.790.3989
joshlegalstuff@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, a true and correct copy of this document is being filed to the Clerk of the United States Bankruptcy Court for the District of Delaware for filing. Upon filing, the Clerk will serve the document via the Court's CM/ECF system upon all registered participants as identified on the Notice of Electronic Filing (NEF) and in accordance with the applicable service requirements.

By: /s/ Joshua Jordan
Joshua Jordan, Pro Se